USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
UNITED STATES OF AMERICA

VS.                                    No. S7-02-CR1503-02 (SCR)

DAVID ST. JOHN, et al.

02CR1503-02 (SCR)

## MOTION FOR PRODUCTION OF LEGAL FILE

Now comes the petitioner, Donald Roth, a defendant in the above entitled matter and moves this Court for an Order directing the clerk of court for the Southern District New York courts to produce his case file, at no charge because of Informa Pauper status, in anticipation of the filing of a 18 USC 2255 petition with this Court attacking the pendant conviction.and other relief as requested below.

This Court, in 2005, ordered Mr. Roth adjudged Informa Pauper, after due consideration of his application by and through his attorneys. The same may be said for the 2nd Circuit United States Court of Appeals, in 2006. No material information in either Informa Pauper application has changed since and neither Court vacated their prior orders.

Mr. Roth reported to the Federal Bureau of Prisons on July 21, 2008 in McKean, PA pursuant to a sentence order by this Court. Mr. Roth has been married to Mrs. Jeanne L. Muskat Roth since October 24, 1998. Mrs. Roth is the custodian of all legal records related to this matter, both in writing and electronically. Those records amounted to 14 legal boxes and various computer files located on a laptop computer owned by Mr. Roth. Mrs. Roth, on March 17, 2009 terminated all communication with Mr. Roth and Mr. Roth has not spoken to her since that date. Mrs. Roth has not responded to numerous letters from Mr. Roth requesting copies of the file (written/electronic, DVD/CD ((which are permitted in FBOP if custody is maintained by

the Education Supervisor)). Mrs. Roth blocked all telephone numbers from being called by the FBOP Inmate Telephone System. Mrs. Roth was in contact with Mr. Peter Maroulis, Esq., 104 Hooker Avenue, Poughkeepsie, NY 12601 regarding his Pro Bono work relating to a 18 USC 2255 Petition on Mr. Roth's behalf, between 11/01/08 and 03/17/09. Mrs. Roth advised Mr. Roth by telephone, writing and visitation that Mr. Maroulis was in fact retained (Pro Bono) to complete a 2255 Petition for Mr. Roth by 10/14/09 (the deadline). She said he was retained in December 2008 and that she was working on a trial-transcript index on his behalf for the petition. Mrs. Roth advised Mr. Roth of these facts between 11/01/08 and 03/17/09 (when she terminated communication). Mrs. Roth provided copies of email between Mr. Maroulis and herself between 11/01/08 and 03/17/09 substantiating these facts to Mr. Roth in prison. Those documents were not transported with Mr. Roth during his transfer from FBOP McKean to FBOP Sandstone but a review of Mr. Maroulis files with show such. Mr. Roth became aware sometime in April 2009 that Mr. Maroulis was not in fact working on his 2255 peition and that he ultimately told Mrs. Roth, in January 2009 that he could not work "Pro Bono". Mr. Roth then wrote Mr. Maroulis who verified this fact. Mr. Roth then tried to communicate with Mrs. Roth to ascertain the location of his case file and legal materials but she never responded. From April 2009 to July 2009 Mr. Roth wrote the following persons to obtain copies of his legal material and case files to no avail. Mr. Larry Hochheiser, 270 Madison Avenue, New York, New York 10016, who advised him that he no longer had

possession of the materials and file. Mr. David Lewis to 225 Broadway, Suite #3300, New York, New York 10007 who advised Mr. Roth on April 13, 2009 that he had returned all case files and legal papers to Mrs. Roth by UPS in 2008. Mr. Roth then wrote Mr. William Aronwald to 81 Main Street, Suite #450, White Plains, New York 10601 who advised him on July 13, 2009 that he no longer had possession of the case files and legal materials. Mr. Roth then wrote Mrs. Roth to 140 South Cherry Street, Poughkeepsie, New York 12601, 5 Main Street, Kingston, New York 12401, 6 Maiden Lane, Kingston, New York 12401, PO Box #3912, Kingston, New York 12401 and 1141 Terrace Court, Lake Geneva, Wisconsin, 53147 asking for the case files, legal materials and computer files (last on July 17, 2009) but that letter was returned marked refused from Lake Geneva, Wisconsin.

It is clear that the only entity in possession of the complete court file is the Court Clerk. Mrs. Roth does in fact possess much more though with respect to FOIA requests made in 2008 to the ATF, FBI, DOJ and City of Newburgh PD. She also had maintained notes from Mr. Roth which he mailed to her while in prison relating to the matter (also which were not transfered with Mr. Roth during his FBOP transfer in May-June 2009). It should be noted that Mr. Roth was placed into SHU Special Housing Unit in Mckean FCI on March 17, 2009 where he remained until May 28, 2009, with no access to any of his legal materials, though he did submit Inmate Requests To Staff to be provided with them, and asked the Warden several times. Mrs. Roth also maintained all attorney notes from Mr. Aronwald, Mr. Lewis and Mr. Hochheiser since they sent her their files (and she took notes and asissted during the trial itself). Mr. Roth was in FBOP Transit from 05/28/09-06/19/09,

Mrs. Roth maintains custody over many material which are both relevant and material to Mr. Roth's 18 USC 2255 petition which will among other issues, raise arguments including Ineffective Assistance of Counsel, Fraud on the Court by the government (witholding exculpatory evidence maintained by the ATF, FBI), New Evidence of Innocence in the form of several electronic intercepts taken by the ATF SA and Newburgh Detective who worked on the matter. Mrs. Roth is now the only custodian of this material. The filing deadline is October 14, 2009 (one year frmo the Supreme Courts denial of Mr. Roth Writ of Certiorari on October 14, 2008). Mr. Roth reasonably believed that Mrs. Roth did in fact retain private counsel to workm on this matter and up to April 2009 had no reason to beleive otherwise. Mrs. Roth also maintained a "Blog" at Blogspot.Com which had electronic copies of the casefile which is now inoperative. Since his knowledge of Mrs. Roth's lie Mr. Roth has diligently been attempting to get copies of his legal papers and case file to work on filing his own 2255 petition. However, the Court clerk file will not be enough to muster the argumens raised above because much of the evidence was developed after trial by Mrs. Roth, i.e she filed the FOIA on Mr. Roth's behalf, she maintains custody of the complete case files. it should be noted that while having a copy of paper case files and documents Mrs. Roth is in possesion of will prove helpful much more evidence is located on the Toshiba Laptop and Lacie USB backup drive which Mr. Roth provided Mrs. Roth with to work on this matter (07/18/08). Mrs. Roth may be reached to 1141 Terrace Court, Lake Geneva, WI 53147, 845-901-3963, 262-245-0425.

Mr. Roth also provided Mrs. Roth with a full power of attorney on 07/18/08 for purposes of working on this matter as well, that is communicating with Mr. Aronwald, Mr. Hochheiser, Mr. Lewis, Mr. Lewis's private investigater who worked on the matter from April 2008 until July 2008, Mr. Maroulis, Ms. Tamme Stitt (private investigator from Bloomington, NY), Mr. Steven Pagones, Beacon, NY attorney, Mr. Cappy Weiner, Kingston NY attorney, among others. All of these person provided Mrs. Roth with evidence related to the above mentioned claims which will support a 2255 petition from Mr. Roth. Mr. Roth paid the Southern District Court reporters for transcripts of all proceedings, in 2003. Thus Mr. Roth respectfully moves the Court to order:

1. Seal this Motion because it contains private attorney-client information which will be used to support a 2255 petition.
2. Order Mrs. Roth to disclose and provide to Mr. Roth complete copies of his case files, both electronic and documentary, along with an index of documents (which she maintained), including dates between 01/01/2002 and today.
3. Order the Clerk of Court to provide Mr. Roth complete copies of the case file.
4. Order the Southern District Court Reporters to provide Mr. Roth with a copy of all Court proceedings in this matter, pre-trial, trial and post trial, including all co-defendant's. Mr. Roth paid for these in 2003 and they were maintained on Mrs. Roth's laptop.

5. Grant Mr. Roth an additional six (6) months from the date he is provided with the above materials to file his 18 USC 2255 Petition.

The above is true to the best of my knowledge as of this filing.

_____

Donald Roth 83933054
FCI Sandstone
POB 1000 K4
Sandstone, MN 55072

07/30/09
_____

Date

> This Court lacks the authority to grant the relief requested herein. This criminal matter has been closed and no habeas petition has been filed to date.
>
> APPLICATION DENIED
>
> HON. STEPHEN C. ROBINSION
>
> 9/3/09