# EXHIBIT G



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

1/22/03

**ORIGINAL**

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 8, 2003

Kerry Lawrence, Esq.
Briccetti, Calhoun & Lawrence, LLP.
81 Main Street - Ste 450
White Plains, NY 10601

      Re:  <u>Charles Melvin</u>

Dear Mr. Lawrence:

      On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Charles Melvin (the "Defendant") to a criminal information charging him in two counts (the "Information"). Count One charges the defendant with distribution of crack cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A). Count One carries a maximum sentence of life imprisonment; a mandatory minimum sentence of ten years' imprisonment; a maximum term of lifetime supervised release; a mandatory minimum term of five years' supervised release; a maximum fine of $ 4 million; and a mandatory $ 100 special assessment. Count Two charges the defendant with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g). Count Two carries a maximum sentence of ten years' imprisonment; a maximum term of three years' supervised release; a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 special assessment.  In addition, the Court may order restitution pursuant to Title 18, United States Code, Sections 3663 and 3664. The Government is currently aware of no factual basis to support an order of restitution. The total maximum sentence of incarceration is life plus 10 years' imprisonment.

      It is understood that the Defendant (a) shall truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters

3502-S

about which this Office inquires of him, which information can be used for any purpose; (b) shall cooperate fully with this Office, the Bureau of Alcohol Tobacco and Firearms, and any other law enforcement agency designated by this Office; (c) shall attend all meetings at which this Office requests his presence; (d) shall provide to this Office, upon request, any document, record, or other tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires of him; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which this Office may request his testimony; (f) shall bring to this Office's attention all crimes which he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and, (g) shall commit no further crimes whatsoever. Moreover, any assistance the Defendant may provide to federal criminal investigators shall be pursuant to the specific instructions and control of this Office and designated investigators.

It is understood that this Office cannot, and does not, agree not to prosecute the Defendant for criminal tax violations. However, if the Defendant fully complies with the understandings specified in this Agreement, no testimony or other information given by him (or any other information directly or indirectly derived therefrom) will be used against him in any criminal tax prosecution. Moreover, if the Defendant fully complies with the understandings specified in this Agreement, he will not be further prosecuted criminally by this Office for any crimes, except for criminal tax violations, related to his participation in crack cocaine trafficking or his firearm possession, in or around the area of Newburgh, New York, from in or about July 2001, through and including on or about March 15, 2002, as described in the Information, to the extent that he has disclosed such participation to this Office as of the date of the signing of this Agreement. This Agreement does not provide any protection against prosecution for any crimes except as set forth above.

It is understood that the Defendant's truthful cooperation with this Office is likely to reveal activities of individuals who might use violence, force, and intimidation against him, his family, and loved ones. Should the Defendant's cooperation present a significant risk of physical harm, this Office, upon the written request of the Defendant, will take steps that it determines to be reasonable and necessary to attempt to ensure his safety and that of his family and loved ones. These steps may include application to the Witness

Security Program of the United States Marshal's Service, whereby the Defendant, his family, and loved ones, if approved, could be relocated under a new identity. It is understood, however, that the Witness Security Program is under the direction and control of the United States Marshal's Service and not of this Office.

It is understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office. This Office will, however, bring the cooperation of the Defendant to the attention of other prosecuting offices, if requested by him.

It is understood that the sentence to be imposed upon the Defendant is within the sole discretion of the Court. This Office cannot, and does not, make any promise or representation as to what sentence the Defendant will receive, and will not recommend any specific sentence to the Court. However, this Office will inform the Probation Department and the Court of (a) this Agreement; (b) the nature and extent of the Defendant's activities with respect to this case and all other activities of the Defendant which this Office deems relevant to sentencing; and (c) the nature and extent of the Defendant's cooperation with this Office. In so doing, this Office may use any information it deems relevant, including information provided by the Defendant both prior to and subsequent to the signing of this Agreement. In addition, if this Office determines that the Defendant has provided substantial assistance in an investigation or prosecution, and if he has fully complied with the understandings specified in this Agreement, this Office will file a motion, pursuant to Section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. §3553(e), requesting the Court to sentence the Defendant in light of the factors set forth in Section 5K1.1(a)(1)-(5). It is understood that, even if such a motion is filed, the sentence to be imposed on the Defendant remains within the sole discretion of the Court. Moreover, nothing in this Agreement limits this Office's right to present any facts and make any arguments relevant to sentencing to the Probation Department and the Court, or to take any position on post-sentencing motions. The Defendant hereby consents to such adjournments of his sentence as may be requested by this Office.

It is understood that, should this Office determine either that the Defendant has not provided substantial assistance in an investigation or prosecution, or that the Defendant has violated any provision of this Agreement, such a determination will release this Office from any obligation to file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. §3553(e), but will not entitle the Defendant to withdraw

his guilty plea once it has been entered.

It is understood that, should this Office determine, subsequent to the filing of a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e), that the Defendant has violated any provision of this Agreement, this office shall have the right to withdraw such motion.

It is understood that, should the Defendant commit any further crimes or should it be determined that he has given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this Agreement, the Defendant shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is understood that in the event that it is determined that the Defendant has committed any further crimes, given false, incomplete, or misleading testimony or information, or otherwise violated any provision of this Agreement, (a) all statements made by the Defendant to this Office or other designated law enforcement agents, and any testimony given by the Defendant before a grand jury or other tribunal, whether prior to or subsequent to the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against the Defendant; and (b) the Defendant shall assert no claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

This Agreement supersedes any prior understandings, promises, or conditions between this Office and the Defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

JAMES B. COMEY
United States Attorney

By: _____
GLENN C. COLTON
Assistant United States Attorney
(212) 637-2283

APPROVED:

_____
KAREN PATTON SEYMOUR
Chief, Criminal Division

AGREED AND CONSENTED TO:

_____    1/22/03
CHARLES MELVIN               DATE

APPROVED:

_____    1/22/03
KERRY LAWRENCE, ESQ.         DATE
Attorney for Charles Melvin

5