United States District Court
Southern District of New York

| | |
|---|---|
| Donald Roth, | 2009 Civ. 8712 (CBD/LMS) |
| Petitioner, | 2002 Cr. 1503 (CM/LMS) |
| vs. | MOTION TO RECUSE |
| | Memorandum of Law in Support |
| | Certificate of Service |
| United States of America, | |
| Respondent | |

PRO SE OFFICE

COMES now, Donald Roth ("Roth"), the petitioner, proceeding pro se, In Forma Pauperis, incarcerated in the Federal Bureau of Prisons, housed in a segregated housing unit ("SHU") in administrative detention, suffering from multiple, unhealed, remote, non-union rib fractures, and pursuant to 28 U.S.C. §455, moves the Court for an order in which Magistrate Judge hisA Margaret Smith ("Smith"), recuses herself from this action, on the grounds and for the reasons that:

### Background

1) United States District Judge Cathy Seibel ("Seibel") was the lead Assistant United States Attorney assigned to prosecute Roth and participated in his trial as lead attorney, ultimately responsible for the government's Brady/Giglio decisions. She was elevated to the federal bench in 2007, assigned to the White Plains division.

2) Smith, a United States Magistrate Judge, assigned to the White Plains division, has been assigned to the underlying criminal action (2002 Cr. 1503) since commencement, November 26, 2002, and to this action since October 20, 2009, the filing date.

3) Between Seibel's elevation to the District Court in 2007 and present, Seibel and Smith have been and are assigned, referred, and have accepted numerous actions in which it is required that Smith perform various duties on Seibel's behalf; F.R. Civ. P. 7d. 73; 28 U.S.C. §636.

4) The basis of Roth's habeas motion is that the government, and Seibel, during trial and in bad faith, suppressed material Brady/Giglio evidence, and elicited knowingly perjurious testimony, from its "key witness", by paying him $5,000.00 in cash, as a reward for his testimony, during the trial, and failed to inform Roth's attorney, or correct the witnesses testimony. Despite being an obvious witness in the habeas motion, as to the government's motives, actions, and knowledge regarding Roth's allegations of prosecutorial misconduct, the government, in its response to the habeas motion, did not file any statement by Seibel, or attempt to rebut Roth's allegations regarding her involvement in the misconduct.

5) Upon information and belief, Seibel and Smith worked closely together in the Southern District of New York U.S. Attorneys offices, as prosecutors, and frequently socialize with each other in and out of the courthouse in White Plains.

## Argument

6) Under 28 U.S.C. §455, if the Judges impartiality might be reasonably questioned, the Judge must recuse herself. Because the goal of §455(a), is to exact the appearance of impartiality, recusal may be required, even if there is no actual partiality, In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008).

7) In this action, the lingering question about Smith's impartiality stems from an extra-judicial source, and not from conduct or rulings during the course of the proceeding, that is Seibel and Smith's direct "supervisor-supervisee" working relationship in past and present actions, as District Court Judge-Magistrate Judge on numerous actions, Selkridge v. United of Omaha Life Insurance Co., 360 F.3d 155, 167 (3rd Cir. 2004). Given this close relationship, a reasonable person knowing all the relevant facts would harbor doubts about Smith's impartiality, Pope v. Federal Express Corp., 974 F.2d 982, 985 (8th Cir. 1992).

8) Because Seibel must evaluate Smith's work, as a District Judge to whom she has assigned actions to for preliminary matters, and as it regards Smith's performance relating to Seibel's vote for Smith's tenure and appointment as a magistrate Judge, and the only allegation Roth presents

9) Because the S.D.N.Y. District Court is assigned the greatest number of judgeships of any District Court, there are plenty of magistrate judges to whom the action may be assigned, whom do not now, or have not had, a working relationship with Seibel, as a Judge or prosecutor, in the White Plains courthouse. If the issue is a "close-call" the Judge must Recuse herself, *Bryce v. Episcopal Ch. of the Diocese of Colo.*, 289 F.3d, 648, 689 (10th Cir. 2002).

10) A reasonable "person on the street" would perceive a significant risk that Smith will resolve this action on the basis of her current working relationship with Seibel, not on the merits, because if Smith upholds Roth's allegations against Seibel, she is really saying that her "boss", engaged in unethical, if not unlawful, conduct, *Hamid v. Price Waterhouse*, 51 F.3d, 1411, 1416 (9th Cir. 1995).

WHEREFORE, the undersigned respectfully requests that this Court enter an order as follows:

1) Magistrate Judge Smith recuses herself from the action, 09-Civ. 3712;

2) Because Roth is due to be released from the BOP, in or about June 2012, no further magistrate referral will be made by the District Court, who will resolve the action itself; and

3) Such other and additional relief as this Court deems just and equitable.

June 17, 2011
Sandstone, Minnesota

Donald Roth

I certify that on June 17, 2011, consistent with BOP policy for SHU inmates, I caused the foregoing motion/memorandum of law, to be mailed by first class prepaid mail, to the respondent at 300 Quarropas Street, White Plains, NY 10601, by providing same to the SHU OIC, and requesting that a copy be made and be mailed as legal mail by the FCI Sandstone mailroom on my behalf.

June 17, 2011