United States District Court
Southern District of New York

|                                    |                          |
|------------------------------------|--------------------------|
| Donald Roth,                       | ) 09 Civ 8772 (GBD/LMS); |
|    Petitioner-Defendant, | ) 02 Cr. 1503 (CM/LMS) |
|                                    | )                        |
| US.                                | ) Motion for Court Documents |
|                                    | ) Memorandum of Law in Support |
|                                    | ) Certificate of Service |
| United States of America,          | )                        |
|    Respondent-Plaintiff. | )                     |

PRO SE OFFICE

Comes Now, Donald Roth ("Roth"), the Petitioner-Defendant, proceeding pro-se, In forma Pauperis, incarcerated in the Federal Bureau of Prisons ("BOP"), housed in the segregated housing unit ("SHU"), and pursuant to 28 U.S.C. Sec. 753 and 28 U.S.C. Sec. 1915, moves the Court for an order directing the Clerk of the Court to provide him with certain court documents and rules; and for service of pleadings and other papers, under F. R. Civ. P. 5(b)(3), to be had by the Petitioner filing those pleadings and other papers with the Clerk of the Court, and the Respondent being served by the (CM/ECF) System, on the grounds and for the reasons that:

## Background

(1) I am currently housed in FCI Sandstone's segregated housing unit in administrative detention and solitary confinement, without access to the documents requested herein, a copying machine, or the previously provided Local Rules of the Southern District of New York. June 3, 2011 Hon. L. Smith Letter-Motion, Ex. A2. I was placed in SHU, on April 29, 2011, by BOP staff, in protective custody, after staff became aware of threats to my safety.

(3) The Respondent participates in the Case Management/Electronic Case Files ("CM/ECF") program of this Court, and is automatically notified of any filings by the Petitioner. L. R. 5.3(b).

(4) The Clerk of the Court scans all filings in real-time, and makes them immediately available electronically to CM/ECF participants.

(5) On January 19, 2011, this action was fully-submitted to the Court for Findings and Recommendation, pursuant to F. R. Civ. P. 72(b), Docket #258, 02 Cr. 1503, by the magistrate judge.

(5) On June 14, 2011, the BOP placed a Central Inmate Monitoring classification ("CIM") in my file, assigning a "separation" variable, which my Unit Manager, Mr. Joe Janvis, told me on that date, will result in my transfer from Sandstone FCI, to another BOP institution within forty-five days, in all likelihood. I will be without access to the Court during the time I am in transit to another institution, and do not know how long it will take for my property to follow.

## Argument

(6) Deprivation of legal materials denies court access if they are essential or crucial to a pending or contemplated appeal or collateral attack, Balabin v. Scully, 606 F. Supp. 176, 183-84 (S.D.N.Y. 1985), Morello v. James, 810 F. 2d 344, 347 (2d Cir. 1987).

(7) Some courts have held that IFP status may excuse litigants from paying a variety of fees for items, such as photocopies of court documents, Murphy v. Jones, 801 F. Supp. 283, 288 (E.D. Mo. 1992).

(8) Under Rule 7(b) of the Rules Governing Habeas Corpus under 28 U.S.C. Sec. 2255, the Court is empowered to authorize and direct the Clerk of the Court to waive copying costs of court documents. 28 U.S.C. 3006A(a)(2)(B); and

(9) Through Rule 2d of the R. G. Habeas Corpus, Sec. 2255, 18 U.S.C. 3006A(d)(4)(A),

the supporting and opposing memorandums of law from which the magistrate judge will base its Findings and Recommendations on, will be necessary to review and base any response or objections to the Findings and Recommendations of the magistrate judge, that is to argue and establish that the magistrate judge's findings and Recommendations are clearly erroneous or contrary to law.

(21) The Court previously required the Petitioner to comply with the local Civil and Criminal Rules of the S.D.N.Y. and the Clerk of the Court provided the Petitioner with a copy. Docket #7, 09 Civ. 8712.

(22) While the Petitioner is unsure of the rules in this Court regarding pro-se, In Forma Pauperis inmates because he doesn't have a copy of those rules in his possession, the 8th Circuit Court of Appeals only requires the filing of one original document with Clerk of the Court and the government receives its copies from CM/ECF. 8th Cir. Rules (local). No certificate of service is filed.

WHEREFORE, the undersigned respectfully requests that this Court enter an order as follows:

1) The Clerk of the Court is directed to mail to the Petitioner copies of the following documents:

    A) 02-CR-1503 (docket entries follow);
       1) #215, Motion under 28 U.S.C. 2255, with exhibits;
       2) #223, Amended Motion under 28 U.S.C. 2255, with exhibits;
       3) #229, Memorandum in Support; with exhibits;
       4) #248 Memorandum in Opposition; with exhibits
       5) #249 Affirmation of Glenn Cotton; with exhibits;
       6) #258 Reply Memorandum, with exhibits;
    B) The S.D.N.Y. Local Rules;

2) The Petitioner shall be required to file one original pleading or other paper with the

### Certificate of Service

I, hereby certify, that on June 22, 2011, I caused the foregoing motion and memorandum of law to be mailed first class postage prepaid, to the Respondent and 300 Quarropas Street, White Plains, New York 20601, by providing same to FCI Sandstone SHU staff, and requesting that my Unit Team make copies, and provide to the mail room for mailing pursuant to BOP legal-mail policy.

June 3, 2011  
Sandstone, Minnesota            Donald Roth