UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DONALD ROTH,                                        :

        Petitioner,                           :    **ORDER**

        -against-                              :    09 Civ. 8712 (GBD)(LMS)
                                                     02 Cr. 1503 (CM)(LMS)
UNITED STATES OF AMERICA,               :

        Respondent.                         :

------------------------------------------------------------x

**Lisa Margaret Smith, U.S.M.J.**

The Court is in receipt of a letter motion from Petitioner dated June 17, 2011 (Docket # 31 in 09 Civ. 8712, Docket # 261 in 02 Cr. 1503), in which he seeks my recusal from this action pursuant to 28 U.S.C. § 455(a), which states, "Any justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." For the reasons that follow, the motion is denied.

## BACKGROUND

According to Petitioner, United States District Judge Cathy Seibel was "the lead Assistant United States Attorney assigned to prosecute [him] and participated in his trial as lead attorney, ultimately responsible for the government's Brady/Giglio decisions." Docket # 31 at 1. As described by Petitioner, the basis of his § 2255 motion

> is that the government, and Seibel, during trial and in bad faith, supressed [sic] material Brady/Giglio evidence, and elicited knowingly perjurious testimony, from its "key witness," by paying him $5,000.00 in cash, as a reward for his testimony, during the trial, and failed to inform Roth's attorney, or correct the witnesses [sic] testimony. Despite being an obvious witness in the habeas motion, as to the government's motives, actions, and knowledge regarding Roth's allegations of prosecutorial misconduct, the government, in its response to the habeas motion, did not

> file any statement by Seibel, or attempt to rebut Roth's allegations
> regarding her involvement in the misconduct.

Id. at 2.

Petitioner moves for my recusal based on Judge Seibel's "direct supervisory position" over me in her capacity as a District Judge, id. at 1, and his allegation, "[u]pon information and belief," that "Seibel and Smith worked closely together in the Southern District of New York U.S. Attorneys [sic] offices, as prosecutors, and frequently socialize with each other in and out of the courthouse in White Plains." Id. at 2. As explained by Petitioner,

> Because Seibel must evaluate Smith's work, as a District Judge to whom
> she has assigned actions to [sic] for preliminary matters, and as it regards
> Smith's performance relating to Seibel's vote for Smith's tenure and
> appointment as a magistrate judge; and the only allegation Roth presents
> in his habeas motion involves prosecutorial misconduct by Seibel, in her
> role as a former prosecutor, their [sic] is a reasonable factual basis for
> calling Smith's impartiality into question.

Id. Petitioner claims that "[b]ecause the S.D.N.Y. District Court is assigned the greatest number of Judgeships of any District Court, there are plenty of magistrate judges to whom the action may be assigned, whom do not now [sic], or have not had, a working relationship with Seibel, as a Judge or prosecutor, in the White Plains courthouse." Id. at 3. Therefore, Petitioner seeks my recusal without further referral to another Magistrate Judge, but rather, the disposition of his § 2255 motion by the District Judge. Id.

Respondent has not filed any papers in response to the recusal motion.

## DISCUSSION

"To ensure that a party does not 'hedg[e] its bets against the eventual outcome' of a proceeding, a party must move for recusal 'at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.' " United States v. Amico, 486

2

F.3d 764, 773 (2d Cir. 2007) (quoting Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333-34 (2d Cir. 1987)). When considering the timeliness of such a motion, the court looks at a number of factors, "including whether: (1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for delay." Apple, 829 F.2d at 334 (internal citations omitted).

In this case, Petitioner's motion fails as untimely. Petitioner filed the motion to recuse 20 months after he commenced this § 2255 proceeding and the matter was referred to the undersigned. See Docket # 3 in 09 Civ. 8712 (Order Referring Case to Magistrate Judge filed on October 20, 2009). The ground for disqualification raised in Petitioner's motion existed at the time that Petitioner commenced this proceeding. As Petitioner himself acknowledges, the undersigned has been "assigned to the underlying criminal action (2002 Cr. 1503) since commencement, November 26, 2002, and to this action since October 20, 2009, the filing date," Docket # 31 at 1, while Judge Seibel "was elevated to the federal bench in 2007." Id.[1] Nonetheless, Petitioner provides no reason why he could not have filed a motion to recuse at the time this habeas petition was originally assigned to the undersigned, in October of 2009.

On July 28, 2010, upon learning that Judge Robinson, the District Judge then assigned to his case, was resigning from the bench, Petitioner sent a letter to the Chief Judge of this Court, seeking to have the case "reassigned to a new District/Magistrate Judge in New York City" as opposed to White Plains "since former AUSA Judge Seibel is the only other District Judge in

---

[1] This proceeding was, in fact, commenced on October 14, 2009, with the filing of Petitioner's § 2255 motion, Docket # 1 in 09 Civ. 8712, and Judge Seibel was actually appointed to the federal bench in 2008.

3

White Plains." Docket # 16 in 09 Civ. 8712. Nowhere in that letter did Petitioner seek recusal of the undersigned. Nor did Petitioner file a recusal motion even after the Chief Judge issued her Order on August 3, 2010, stating that "the matter continues to be assigned to Magistrate Judge Smith." Id.

Moreover, the undersigned has already expended significant resources in handling the various motions that have been filed, and that continue to be filed, by Petitioner since the beginning of the litigation. See, e.g., Docket ## 7, 13, 15, 18, 23, 30, 34 in 09 Civ. 8712 (Orders on motions filed by Petitioner). Petitioner filed his reply papers on January 19, 2011, Docket # 28, so his § 2255 motion is fully submitted and awaits the issuance of the undersigned's Report and Recommendation. Barring the filing of any other motions by Petitioner, that is the only other item in this proceeding that requires the undersigned's attention.

In sum, consideration of the relevant factors leads to the conclusion that Petitioner's recusal motion should be denied as untimely.

In any event, Petitioner's motion fails on the merits. Under 28 U.S.C. § 455(a), a magistrate judge must "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." "[T]he test of impartiality is what a reasonable person, knowing and understanding all the facts and circumstances, would believe." In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1309 (2d Cir. 1988). In other words, " 'would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?' " Amico, 486 F.3d at 775 (quoting United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir.1992) (citation omitted)).

Recusal motions are committed to the sound discretion of the district court, Lovaglia, 954 F.2d at 815 (citing Apple, 829 F.2d at 333), and "there is a substantial burden on the moving

party to show that the judge is not impartial." Lamborn v. Dittmer, 726 F. Supp. 510, 514 (S.D.N.Y. 1989) (citation omitted). "In deciding whether to recuse himself [or herself], the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his [or her] impartiality might be seeking to avoid the adverse consequences of his [or her] presiding over their case." Drexel Burnham, 861 F.2d at 1312 (citation omitted). "Litigants are entitled to an unbiased judge; not to a judge of their choosing." Id.

Here, Petitioner has not presented any basis for a "reasonable person" or an "objective observer" to question the undersigned's impartiality or ability to do justice in this case. Petitioner's allegation of bias as a result of any association that the undersigned has, or had, with Judge Seibel is purely speculative. "[W]here an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality." Drexel Burnham, 861 F.2d at 1313 (citations omitted); see also Lamborn, 726 F. Supp. at 514 (judge should not recuse herself based on "unsupported, irrational, or highly tenuous speculation") (citation omitted). Moreover, this case has been reassigned to the Honorable George B. Daniels, a District Judge in Manhattan, and any Report and Recommendation issued by the undersigned concerning the disposition of Petitioner's § 2255 motion would be submitted to Judge Daniels for his review. Petitioner will have the opportunity to file any objections that he might have to the Report and Recommendation once it is issued, and Judge Daniels will make a determination with respect to any such objections. Thus, even if Petitioner's speculative argument that the undersigned is biased against him were true, which it is not, any Report and Recommendation issued in this case must be based on the record of proceedings from the criminal trial, analyzed pursuant to the applicable legal standard.

5

Any failure of the undersigned to base a Report and Recommendation on the record, pursuant to the correct legal standard, whether as a result of bias or for any other reason, may be brought to Judge Daniels' attention. It is Judge Daniels, not the undersigned, who will rule on this Petition. Petitioner has failed to carry his burden of showing that recusal is warranted in this case.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to recuse (Docket # 31 in 09 Civ. 8712, Docket # 261 in 02 Cr. 1503) is **denied**.

Dated: July 28, 2011
White Plains, New York

SO ORDERED,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

Copies of this Order have been sent to:

Donald Roth
#83933-054
Federal Medical Center
FMC Rochester
P.O. Box 4000
Rochester, MN 55903

Benjamin Allee
Assistant United States Attorney
Office of the United States Attorney
Charles L. Brieant, Jr. Fed. Bldg. & U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601