

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

June 24, 2014

**BY MAIL**
Honorable Edgardo Ramos
United States District Judge
United States District Court
40 Foley Square
New York, New York 10007

      Re:    <u>United States v. Donald Roth</u>
              02 Cr. 1503 (ER)

Dear Judge Ramos:

      The Government respectfully submits this letter at the Court's direction in response to the request of the defendant, Donald Roth, for early termination of supervised release. For the reasons stated below, the Government opposes the defendant's request for early termination.[1]

      Roth, formerly a criminal defense lawyer, was convicted on February 14, 2004, following a two-and-a-half-month trial before Honorable Stephen Robinson, of conspiracy to obstruct justice and tamper with witnesses. The evidence at trial showed that Roth tampered with witnesses in a federal criminal case in the Southern District of New York. (<u>See</u> Summary of Facts in the Government's Brief on Appeal, attached as Exhibit A.) The evidence also showed that Roth previously had tampered with a witness in a criminal case in Orange County Court, resulting in reduced charges for a defendant charged with murder. (<u>Id.</u>, at 20-29.) On April 15, 2005, Judge Robinson sentenced Roth to the maximum possible sentence under the applicable statutes, five years' imprisonment and three years' supervised release. (<u>See</u> Sentencing Transcript, attached as Exhibit B.) In sentencing Roth, Judge Robinson described the particularly egregious nature of Roth's conduct, which subverted the criminal justice system itself. (<u>Id.</u>, at 29-30.) Judge Robinson also emphasized his finding that Roth lied repeatedly on the witness stand when he testified during the trial. (<u>Id.</u>, at 30.)

      Pursuant to Title 18, United States Code, Section 3583(e), a district court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" terminate a term of supervised release any time after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." <u>See also</u> <u>United States v. Lussier</u>, 104 F.3d 32, 36 (2d Cir. 1997). Early termination, however, is not warranted as a matter of course; on the contrary, it is only "occasionally"

---

[1] The Court ordered that this response be submitted on June 23, 2014. Because of the Government's oversight, this response is submitted one day late. The Government regrets this error and requests that the Court nevertheless accept this response.

justified due to "changed circumstances" of a defendant, such as "exceptionally good behavior." Id.

The Government opposes Roth's request for early termination of supervised release. The term of supervised release is part of the punishment Roth faces for extraordinarily egregious criminal conduct in which he engaged while a member of the bar and an attorney practicing in this Court. The Section 3553(a) factors remain heavily weighted toward a hefty sentence, as Judge Robinson found. The fact that Roth has thus far complied with his conditions does not distinguish him as a releasee, nor does it diminish the seriousness of his prior conduct. Indeed, when Roth sought leniency at sentencing, Judge Robinson rejected his arguments to avoid sending the message that lawyers get preferential treatment. Roth's current request for leniency carries with it the same undesirable message.

I have spoken to United States Probation Officer Scott Long, who supervises Donald Roth. Officer Long described that he does not object to Roth's request, that he views Roth as a low risk of recidivism, and that his Office has a time-consuming caseload as it is. The Government understands Mr. Long's position, but respectfully submits that these bases are insufficient to lessen Roth's sentence. Roth no doubt posed a low risk of offending at the time he repeatedly tampered with witnesses, in part because by engaging in such conduct he risked losing his livelihood (and indeed he was disbarred), and yet he engaged in the egregious criminal conduct for which he was convicted. Maintaining Roth's supervised release will ensure that if he re-offends, even if such re-offending is unlikely, he will be held to account under the terms of his sentence as a recent re-offender. Moreover, Roth's reporting requirements are relatively minimal, such that neither Roth nor the Probation Office is significantly burdened by his supervision.

Respectfully submitted,

PREET BHARARA
United States Attorney


by: _____/s_____
　　Benjamin Allee
　　Assistant United States Attorney
　　(914) 993-1962

Cc:　　Donald Roth, Esq. (by mail)