USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 6/24/2014

June 6, 2014

**BY US MAIL**
United States District Court
for the Southern District of New York
Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

*with the consent of the Probation Department,*

The application is ✓ granted.
___ denied.

_____
Edgardo Ramos, U.S.D.J.
Dated: 6/24/14
White Plains, New York

    Re:    United States vs. Donald Roth, 02-CR-1503.
            Termination of Supervised Release

Dear Judge Ramos,

I write in regard to the above-entitled action and am respectfully requesting that the Court treat this correspondence as a "letter motion" in which I am seeking termination of the period of supervised release, pursuant to 18 U.S.C. Sec. 3583(e)(1), U.S.S.G §5D1.2. Application Note 5, and September 2013 guidance from the Administrative Office of the U.S. Courts on behalf of the Federal Judiciary (please see http://news.uscourts.gov/early-termination-supervision-cost-effective-and-safe).

I commenced the period of supervised release on December 31, 2012 and it ends on December 31, 2015.

For the following reasons and grounds I respectfully request that the Court terminate my period of supervised release. Such action is warranted by my conduct and is in the interest of justice.

1. I am and have been in compliance with all terms and conditions of supervised release. The office of the United States District Court for the Southern District of New York, United State Probation, Mr. Scott Long, SUSPO, is aware of and does not oppose the motion, please see attached Exhibit A; and

2. If this motion is granted I plan on seeking reinstatement to the New York State Bar. The practice of law was my vocation prior to the conviction. If reinstated I plan on concentrating in immigration law as it regards providing fair priced legal services for traditionally

1

underrepresented and marginalized groups. I voluntarily surrendered my law license in December of 2006 and am now eligible to seek reinstatement. I cannot do so while under a term of supervised release, please see Exhibit B1-2; and

3. I am in a stable family relationship. I reside with and am engaged to Dr. Ericka Rovira who is employed by the United States Department of Defense ("DOD"), United States Military Academy, West Point, New York, in the Department of Behavioral Sciences and Leadership. She is a tenured Associate Professor in the Engineering Psychology Program at West Point. Ericka is now pregnant with our first child and due in August 2014; and

4. The fine and special assessment imposed by the Court was timely paid in 2009. There was no restitution imposed by the Court; and

5. I do not have a drug or alcohol problem and the Court specifically waived post incarceration drug and alcohol testing in its 2005 Judgment and Commitment; and

6. Upon commencing the period of supervised release in December 2012 I was found to be the lowest available risk by the United States Department of Probation's Post Conviction Risk Assessment tool; and

7. I am not a flight risk or danger to the community. In its response to my 2004 motion for bail pending appeal, which was granted, the United State Attorney's office indicated that I am not a flight risk or danger to the community and consented to self-surrender; and

8. Between September 4, 2003 (the date I was released on bail) and July 21, 2008 (the date I self-surrendered to the Federal Bureau of Prisons) I was under the supervision of the United States Department of Probation's Pretrial Release department and remained in compliance with the terms and conditions of my release.

9. I accept responsibility of the crime for which I was convicted, am sorry for my conduct, and have been adequately punished for the crime because I was disbarred and lost the ability to

practice law which was not only my vocation but a very important part of my identity, spent forty-seven months incarcerated in the Federal Bureau of Prisons, lost my home, possessions, and wife of nine years, and was humiliated in the community.

Thank you for your consideration.

Very truly yours,

Donald Roth
315 North Highland Avenue
Nyack, NY 10960

cc.

United States Attorney
For the Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

United States District Court
for the Southern District of New York
United States Probation
ATTN: Mr. Scott Long, SUSPO
25 South Street
Middletown, New York 10940-6435

Encl.



# Your Request for Early Termination from Supervision

Scott_Long@nysp.uscourts.gov <Scott_Long@nysp.uscourts.gov>  Fri, Jun 6, 2014 at 11:39 AM
To: hammerheadny@gmail.com

Mr. Roth,

As we discussed, you may write the Court on your own to request early termination from supervision. In addition, this office will not oppose the early termination request as you are currently in compliance with all conditions of supervision and further community supervision is not necessary. Good luck.


Scott M. Long
Supervisory U. S. Probation Officer
U. S. District Court
Southern District of New York
25 South Street
Middletown, NY 10940
Phone: (845)342-5413
Cell: (914)760-6191
Fax: (845)344-2722



**Don't File Bankruptcy**
newyorkdebtrelief.org/Online
Before filing BK, see if you qualify for debt relief w/out bankruptcy.

# IN RE: Donald ROTH

Print   ShareThis                          Font size:  A  A  Reset

**Supreme Court, Appellate Division, Second Department, New York.**

**IN RE: Donald ROTH, admitted as Donald Richard Roth, Jr., a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Donald Roth, respondent.**

Decided: December 26, 2006

A. GAIL PRUDENTI, P.J., ANITA R. FLORIO, HOWARD MILLER, ROBERT W. SCHMIDT, and ROBERT J. LUNN, JJ. Rita E. Adler, Hauppauge, N.Y. (Dianne M. Saccone of counsel), for petitioner. Miller, Weiner & Associates, Kingston, N.Y. (Cappy Weiner of counsel), for respondent.

The Grievance Committee has informed the respondent that evidence of professional misconduct has been adduced by its ongoing investigation and that charges based on the following allegations would be prosecuted in a disciplinary proceeding to be recommended to the Appellate Division.  The respondent admits that he was found guilty on or about February 13, 2004, after trial in the United States District Court, Southern District of New York, of one count of the federal felony of conspiracy to commit witness tampering and obstruction of justice.  He was sentenced on or about April 15, 2005, to a period of 60 months incarceration and, upon release, supervised release of a period of 3 years, as well as payment of a fine in the sum of $10,000.  His conviction is currently the subject of an appeal and execution of his sentence has been stayed.

Pursuant to this court's order dated December 7, 2005, the respondent was served with a petition dated January 3, 2006, charging him with engaging in conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102(a)(7) (22 NYCRR 1200.3[a][7]).  The respondent served an answer dated January 23, 2006.  He now acknowledges that he cannot successfully defend himself on the merits of any disciplinary charges which were initiated against him.

The respondent avers that his resignation is freely and voluntarily tendered and that he is not being subject to coercion or duress by anyone.  He has discussed his decision to resign with his attorney and others whose advice and counsel he respects and is fully aware of the implications of submitting his resignation, including the fact that he is barred by Judiciary Law § 90 and the Rules of the Second Department from seeking reinstatement for at least 7 years.

The respondent's resignation is submitted subject to any application which could be made by the Grievance Committee for the Tenth Judicial District for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection.  He acknowledges the continuing jurisdiction of the court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90(6-a)(f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation.

Inasmuch as the respondent's resignation complies with all pertinent court rules, it is accepted, and, effective immediately, he is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

ORDERED that the resignation of Donald Roth, admitted as Donald Richard Roth, Jr., is accepted and



directed to be filed; and it is further,

ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Donald Roth, admitted as Donald Richard Roth, Jr., is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

ORDERED that the respondent Donald Roth, admitted as Donald Richard Roth, Jr., shall continue to comply with this court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Donald Roth, admitted as Donald Richard Roth, Jr., is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

ORDERED that if the respondent, Donald Roth, admitted as Donald Richard Roth, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10(f); and it is further,

ORDERED that the disciplinary proceeding authorized by decision and order on motion of this court dated December 7, 2005, is discontinued.

PER CURIAM.

| | |
|---|---|
| **RESEARCH THE LAW** | Cases & Codes / Opinion Summaries / Sample Business Contracts / Research An Attorney or Law Firm |
| **MANAGE YOUR PRACTICE** | Law Technology / Law Practice Management / Law Firm Marketing Services / Corporate Counsel Center |
| **MANAGE YOUR CAREER** | Legal Career Job Search / Online CLE / Law Student Resources |
| **NEWS AND COMMENTARY** | Legal News Headlines / Law Commentary / Featured Documents / Newsletters / Blogs / RSS Feeds |
| **GET LEGAL FORMS** | Legal Forms for Your Practice |
| **ABOUT US** | Company History / Media Relations / Contact Us / Privacy / Advertising / Jobs |
| **FIND US ON** |  |



Copyright © 2014 FindLaw, a Thomson Reuters business. All rights reserved.

This ad is supporting your extension *Enhancements for Gmail*: More info | Privacy Policy | Hide on this page

